### The Watervliet Bank vs. Ebenezer Clark, imp'd &c.

On a motion to set aside a report of referee and subsequent proceedings for irregularity, and the decision turns on a question of fact about which there is nearly equal conflicting evidence, and the defendant who seeks to set aside the report, and to be let in to defend, swears to merits, the report &c., will be set aside without costs to either party.

*Motion by defendant to set aside report of referee, judgment &c., for irregularity.*—Assumpsit, on a promissory note, cause referred to Ira Harris, sole referee, in Oct., 1843. Cause was adjourned from time to time, until the 21st Feb., 1845 ; when Harris referee, appointed the 8th day of March, 1845, for a further hearing before him, at his office in Albany; Anthony Ten Eyck, who was a clerk in the office of E. C. Litchfield, plaintiff's attorney, made a copy of the said notice of hearing and compared it with John B. Frisbee, who was also a clerk in said Litchfield's office, with the original, signed by said Harris, and both said clerks swore that the copy notice was a true copy of the original, and that the copy notice as well as the original designated the 8th day of March, as the day of hearing before the referee ; and Ten Eyck swore that he served the same copy, so compared, on a person being in the office of Clark & Pattison, defendant's attorneys, residing in Troy, in office hours, on the 20th of Feb., 1845; said Clark & Pattison being then absent from their office. Ten Eyck also swore that at the time of the service, the notice of hearing was for the 8th of March. On the back of the copy notice of hearing served as aforesaid, was an endorsement, as follows : "Copy appointment of hearing for 10th day of March, at 10 A. M.," which endorsement Frisbee swore he made by mistake, confounding it with other notices of hearing in other causes for the 10th of March, between the same attorneys. The same copy served was produced and filed on this motion; and which appears to have been altered in the body of the notice from 8th to 10th, the figure 10 written over the figure 8. Clark & Pattison in their moving papers gave a copy of the notice served, for

the 10th, and both swore that it was a correct copy of the only one served by plaintiff's attorney, in February last, in said cause ; and was a copy of the same *as served.*   On the 10th March Clark attended with his witnesses, and found that the hearing was had on the 8th, and learned a judgment had been entered on the report of the referee for plaintiff, for $309·43 damages, and $138·40 cost; which judgment plaintiff's attorney refused to waive, on defendant's application; defendant swore to merits.

E. Clark, *Defts Counsel.*          Clark and Pattison, *Defts Atty.*

E. C. Litchfield, *Plffs Counsel.*   E. C. Litchfield, *Plffs Atty.*

Bronson, Chief Justice.—This is one of those cases in which both of the parties think themselves right on a question of fact, and where it is impossible on the papers presented to say with any great degree of certainty, which is in the wrong.   The defendant swears to merits, and on the whole I think the report of the referee and subsequent proceedings on the part of the plaintiffs should be set aside, without costs to either party.

Rule accordingly.